The next case on our call this morning is Agenda No. 5, Case No. 107441, People of the State of Illinois v. Ramesh K. Swamynathan. As soon as we get everybody seated, Council may proceed. Good morning, Your Honors. My name is Barbara Passion. I'm with the Office of the State Appellate Defender, and I represent Ramesh Swamynathan. Your Honor, we're here this morning because my client is asking Your Honors to find that, in light of both Section 122-2.1 of the Post-Conviction Hearing Act and the requirements of People v. Shellstrom, Judge Foreman's recharacterization and summary dismissal were not reasonable. My client filed a pro se motion to withdraw his plea and reconsider his sentence on April 13, 2006. This was untimely on its face because he pled guilty and was sentenced in 2004. On July 27, 2006, Judge Foreman brought Mr. Swamynathan to court from the Department of Corrections to give him notice and admonishments that his motion was going to be recharacterized and treated as a post-conviction petition. However, Judge Foreman didn't get the admonishments right. Nevertheless, my client did agree to the recharacterization, and the cause was set for summary ruling 90 days from that date. Ninety days from that date would have been October 25, 2006. However, that date went by with no ruling. On November 2, 2006, Mr. Swamynathan was brought up again from the Department of Corrections so that Judge Foreman could rectify his errors in his first Shellstrom admonishments, and he also added a translator. He expressed concern at that date that there should have been a translator. However, at that point, the 90 days had already expired, and what Judge Foreman should have done was appoint counsel and set the matter for further proceedings. The application of the statutory time limit and Shellstrom do not have to conflict with one another. They have to protect pro se litigants and provide a means for presenting their claims effectively. The State is now using that protection as a sword against my client instead of the shield that it was intended to be. The decision to recharacterize a pro se petition adds steps to the trial court's summary actions when it deals with a pro se pleading, but those steps are not so onerous that they can't be accomplished within the 90-day limit. The fact in this case is that in every way except the 90 days, this pleading was treated as a post-conviction petition. The judge's remarks over time indicated that he was aware of Shellstrom and he was trying to comply with it, but he didn't comply with it within 90 days. As I said before, he could easily... Counsel, if I may. Yes, sir. If this Court were to hold that the 90-day period began when the defendant is told of the recharacterization, I think that's what you're saying, even if not fully admonished, would the 90-day period toll if defendant exercised his right to amend his pleadings after being admonished? Yes, it would, Your Honor. Under People v. Walker, an amended petition would start the 90-day period over again. However, that's not what happened here. Mr. Swaminathan at all points agreed to the recharacterization and never, ultimately never did change his petition or ask to do so. What if the defendant could not be admonished until after the 90-day period had expired for the legitimate reasons, such as unavailability of an interpreter? Well, Your Honor, I think that once the 90-day rule goes by, then, as has happened in many cases where the 90-day rule goes by for other reasons, the Court simply appoints counsel to consult with the defendant and amend his pleadings if that's necessary and look into his case. Yes, sir. What about Shellstrom itself that says that a petition can't be recharacterized until all Shellstrom admonishments are given? Well, Your Honors, in Shellstrom we're considering a different issue. So I think if you stick with that language in a situation like this, it defeats the purpose of having a summary ruling limitation set. 90 days is there. That would be true, but there is no obligation on the part of the trial court to recharacterize in the first place, is there? That's correct. So a period of time could go by. I understand what you're saying, where you have this 90 days, there's a reason for the 90 days. But the trial court could sit on what it considers a defective pleading, and there's nothing stopping them from sitting on that pleading until eventually deciding to recharacterize. So doesn't that defeat your reason for the 90 days argument? I think it defeats the 90-day rule altogether. The whole purpose for the 90-day rule is that these pro se pleadings be acted on summarily. Summarily means expeditiously. If a judge sits on a pleading for however long, months, months, months, then you don't have summary ruling no matter what. Summary ruling has not happened. Well, it sits on it until there's a decision made that it's defective and best recharacterized as a post-conviction petition. In this case, Your Honor, that decision was made right at the very beginning. This judge was not questioning whether the pleading would more appropriately be a post-conviction. Let me ask you about that, too, because wouldn't it be reasonable to conclude that on July 27th, the date that you would have the court use, right, for the 90 days to start, that the trial court informed the defendant that it is going to recharacterize the motion as a post-conviction petition? And you're right, he did say he would accept it, but there wasn't an interpreter present, right? Right. So the Shellstrom admonishments were not given. Right. Right. So then it was continued, and Shellstrom says it's not recharacterized until the admonishments aren't given. The admonishments were given in November, and that would be the date that the 90 days starts. The admonishments, Judge Foreman had made his recharacterization decision on July 27th, and he gave bad admonishments. That error was not my client's. My client was always in cooperation with the recharacterization process and never expressed a decision to amend. It was only the judge's failure to accomplish this process in a timely fashion that made him, that made the process itself too long. And then you have a, then you start to wonder whether some reaction can take place at all. There might be some cases where a judge is wondering to himself and wants an opportunity to decide whether or not recharacterization should take place. Is this properly a post-conviction petition? But that's not what happened here. You used July 27th as the date, right? Yes, Your Honor. Why don't you use July 13th as the date under your argument? Because at that time he said he was going to recharacterize the petition pursuant to Shellstrom. Yes. Right. So he did say, I'm recharacterizing, and at that point he continued the case so the defendant could be admonished. So there were no admonishments given on July 13th, but there was an indication of recharacterization, right? Right. And my question is, in July 27th, there isn't an interpreter present. The defendant was already told on July 13th that he could, that it was going to be a post-conviction petition. July 27th comes, he gives admonishments, but not all the admonishments, and continues the case and the interpreter wasn't present. So what is the, is the crux of the matter for you, the fact that admonishments were started on the 27th? No, the crux of the matter for me, on the 13th, the judge said he was going to recharacterize the petition. However, Swami Nathan was not in court that day. He was brought into court on the 27th, and under Shellstrom, the whole idea behind Shellstrom is to let the client know what's happening, what the effects of that recharacterization are going to be on his future litigation. Whether he can file another petition or not. So the 27th is the day where the judge spoke directly to the client about recharacterization. But if the counsel, if he needs an interpreter, how can the court be sure he understands what he's saying to him? The court spoke to him for a long time without the question of the need for an interpreter coming up at all. And it was at the November hearing. That's the point when the defendant said, I have a little trouble hearing. He said he had a little trouble hearing. Understanding that hearing. Right. But he went to many hearings where there was a translator at his plea hearing whom he, there isn't a lot of indication how much he used the translator. Also, the translator who was there for the recharacterization. My client's native language is... What we're talking about is whether the judge made a correct decision in ordering an interpreter before he proceeded further with the admonishments. Can anybody really argue that the judge did anything wrong when he did that? Made a decision to recharacterize? No. Made a decision to bring an interpreter in to help with the admonishments. It was wrong because it was too late when he did it. It wouldn't have been wrong if he had decided to do it within 90 days. But by the time he did it, it was too late. What he should have done was appointed counsel to talk to the client about the case. Would the counsel have needed an interpreter? Would counsel? To talk about the case? I personally don't think he would have, but that's a decision counsel would make. But that's based upon your reading of the record. Your reading of the record, you have concluded that he didn't need an interpreter very much. Is that right? Personally, I don't think he did need an interpreter very much. But that's not the evidence. The judge was concerned about that, and rightly so. When the judge saw that 90 days had elapsed and he said, oops, maybe we need an interpreter, he knew at that point that it probably wouldn't be possible to get an interpreter in a couple days or whatever time there was. So appoint counsel and send it on to the next stage. As has happened many times when courts have missed the 90-day period for other reasons. They say, oh, 90 days has gone by, we're going to move it on to stage two. The time limit used to be 30 days. And in practice, the courts made it known that that wasn't working very well. The trial courts, it was too much of a burden on their workloads. It's tough for me to get over the fact, counsel, that Shellstrom stands for the proposition that this pleading cannot be considered a post-conviction petition unless the proper admonishments are given. And in this case, I don't think there's any dispute, is there, that until November 2nd, this defendant wasn't informed how the act impacts successive post-conviction petitions. He wasn't told until November 2nd that he could amend his petition if he wants. So Shellstrom seems to stand for the proposition that this petition that has to be reclassified or recharacterized in the first place is not a post-conviction petition until the defendant is fully informed what that means. And it's indisputable, isn't it, that that didn't happen until November 2nd. Well, I do dispute it, Your Honor. I think that that should and could have been accomplished on the 27th. Did the defendant know on the 27th that he could amend the petition? Yes. How did he know that? Did the judge tell him that? I think he did. I could be wrong, but I think the judge told him that. Did the judge tell him that he did not file a successive petition? He did not. So if the admonishments were not completed, it occurs to me that had the judge in this case dismissed the petition as frivolous within 90 days of July 27th, he would be here now arguing that he didn't get the proper admonishments, especially if he decided to file a second post-conviction petition because he was not properly admonished. Is that not reasonable? Yes, that's correct, Your Honor. Bear in mind, please, that this is kind of an unusual situation. It is, but if I could ask a follow-up question. Sure. I hope we're pointed. As to this defendant, if in fact he had not been admonished correctly relative to the other case, the defendant may have never known that he was in the position where he had the obligation of presenting cause and prejudice to have a successive petition granted. And he may have, if he hadn't been admonished, be in that position because the court compelled him to be in that position by recharacterizing the petition as a PC. I do believe that he, had he brought a new petition, had he decided to amend his petition, that it should not have been treated as a successive petition. Well, some other judge would be looking at the other case and would be concluding that that didn't happen, that the PC was denied and he couldn't have the right to a successive PC without causing prejudice. So either send it back for appointment of counsel and second stage proceedings or let him file an amended petition and not treat it as a successive petition. And granted that they could do that, but they could also say just as easily, motion denied. You haven't shown cause and prejudice. Cause and prejudice is. Well, my argument is that they shouldn't, in this, in Mr. Swaminathan's case, they wouldn't have gotten to the cause and prejudice right now. There is nevertheless peril of having this defendant required to produce cause and prejudice to move forward, isn't there? There's peril, yes. If you disagree with my argument, yes. Which portion of your argument must I disagree with? That it wasn't a post-conviction petition on July 22nd. They would allow an amendment at any time because of the facts of this case. Right. Based on my argument, Mr. Swaminathan asks you to find that the procedure. Just one question for you. Yes. In your reply brief, you asked this court under its supervisory authority to set a reasonable length of time period. Yes. But I noticed that you did not make an alternative argument that the trial court erred in summarily dismissing the petition. Does that mean that you concede the petition was without merit? No, I don't concede that. I think counsel should be appointed to talk to the client and see what might be out there. There was a pretty serious insanity question in this case, and I think there might be something out there, although the opportunity has never been given for development. And I say it's a potential issue because I would not be the attorney who would be appointed to his post-conviction proceeding, so I wouldn't be involved in that decision. But I can see that there is a potential for an issue in Swaminathan's case. Thank you. Counsel may proceed. Good morning, Your Honors. May it please the Court, my name is Drew Meyer of the Illinois Attorney General's Office, and I represent the Appellee People of Illinois. Your Honors, the summary dismissal order in this case was timely because it was entered within the 90 days provided by Section 122-2.1 for first-stage review of a post-conviction petition. The recharacterization of the petition occurred on November 2, 2006, which is the first time that the Court fully admonished Petitioner according to Shellstrom. Petitioner's argument continues to rest on a misapplication of the 90-day rule to the process of recharacterization itself. The 90-day rule only goes into effect once a post-conviction petition exists. And a post-conviction petition simply doesn't exist until recharacterization occurs, which under Shellstrom and Pearson can only happen after the admonishments prescribed by Shellstrom are made. I appreciate the full compliance with Shellstrom's admonishments, but how long can a court sit on a decision of whether to recharacterize an admonishment? Are we basically stuck with an open-ended period? Well, Your Honor, I think in answer to a two-part question as I hear it, the Court received Petitioner's untimely motion withdraws guilty plea on April 13, 2006, and eventually recharacterized it on November 2. So there was a span of several months in between those two points. As far as whether there's any time constraint on the Court in its recharacterization of the petition, no, Your Honor, there is no law, statutory or otherwise, that dictates how long a court may take to effect recharacterization. And this is the kind of issue that is best left to the Court's inherent authority to control its docket and to manage the flow of litigation before it, an authority that this Court has repeatedly acknowledged. Well, you know, I think that there certainly is no strict deadline, and it is up to the Court's discretion under its authority to manage its caseload to effect the process of recharacterization. I will add, Your Honor, that... What's open to us, then, in that if that were to happen, abuse of discretion upon abuse of discretion, if a different type of action is brought, and the Court's failure to do the admonishments in keeping with Sellstrom? I beg your pardon. Well, I'm going to restate what I think you said, and please correct me if I'm wrong. Are you saying is it an abuse of discretion if a court chooses not to recharacterize, or...? Yes. Okay. No, I mean, the Section 122-1D... It continues to delay. It continues to delay. Oh, I see. No, the remedy there is extremely simple. If a petitioner believes the Court is taking too long in effecting recharacterization of his petition, the petitioner can simply file a post-conviction petition labeled as such, which would automatically trigger the 90-day rule. So, really, there's no danger that this is going to be a systemic, chronic problem. And the petitioner, any petitioner, has a very simple solution to the problem of a court taking what he believes to be too long to recharacterize a petition. And I think most importantly is that petitioner's application of the 90-day rule to the process of recharacterization is totally unfounded. So the question is not, as Petitioner posits, whether the 90-day rule can be suspended or told. That's not what the appellate court held, and it's not what the people argue. The question is, when does recharacterization occur? And as this Court has held in Shellstrom and Pearson, recharacterization only occurs after the Court has administered all three Shellstrom admonitions. Counsel, if I may. Sure. According, and this is on the July 27th date, according to the defendant's brief, the trial court stated, and this, I think, is a quote, the 90-day period will again be from today as opposed to when you filed your original motion. I will recharacterize it. I will continue this for September 8th being the date that it was continued for the interpreter. This fact is not included in the appellate court opinion. And my question, is this a correct statement of the record in this case? Your Honor, it is a correct statement of the record. The trial court did state on July 27th that the 90-day period would begin that day on July 27th. However, that statement had no legal effect under Shellstrom. And the Court recognized as much when it called the defendant was present. Correct, Your Honor. The defendant was present. And he understood the import of this statement? Is that clear from the record? You know what? That is not clear from the record, especially because there was not an interpreter present. And, you know, the record is replete with evidence of Petitioner's trouble understanding English. At that July 27th hearing that you mentioned, he said he understood a little bit of English. The Court did express its concern that, you know, Petitioner might not be able to understand what was going on without an interpreter. And the Department of Mental Health report in which the Department of Mental Health announced that Petitioner was fit for trial also- Clearly it's apparent that the judge believed he was recharacterizing the petition on that date. That's unclear- He said, I am recharacterizing the petition? He says, I am recharacterizing. And the use of the gerund there may indicate that he was in the midst of recharacterizing. It also may indicate that, you know, he thought he was recharacterizing at the time. But the judge's statement did not have legal effect. Under Shellstrom- Your argument is no matter what he says, he didn't have the authority at that time to recharacterize because he hadn't fully admonished the defendant. Correct, Your Honor. The Shellstrom admonishments are required for recharacterization. So that's correct. And I would point out, Your Honor, that on June 26th, the court had stated that the 90-day period for initial review would expire on July 13th. Now, Petitioner does not put any weight on that statement. That's another statement by the court regarding the 90-day period that simply had no legal effect because under Shellstrom the admonishments are required. It's not simply the court announcing or proclaiming recharacterization. It is the court's complete admonishment of the Petitioner according to Shellstrom. Let me ask another question. Absolutely. Is it your view that if the judge had attempted a recharacterization at that point and moved forward as if he had successfully recharacterized and done something that later was unacceptable to the defendant, would be back here with the argument being made it didn't make any difference what the judge said? Absolutely, Your Honor. Absolutely. I mean, that's one of the wastes that would be inherent in a system where a court could conduct first-stage review without providing the Shellstrom admonishments because the salutary effects of Section 122-1F, which, you know, judicial state or otherwise that had gone into processing the initial petition. So that's absolutely right, Your Honor. I would just add that it makes sense that all three admonitions are required and that one is not sufficient to effect recharacterization. In this case, on July 27th, we had one of the three Shellstrom admonishments. The court informed Petitioner that it was intended to recharacterize his petition. But the admonishments are interdependent, and, you know, one is very little good without the others. I mean, if you inform someone you're recharacterizing his petition, that doesn't serve Shellstrom's purpose unless you also inform him of the restriction on successive petitions. And neither of the first Shellstrom admonitions are any good unless you allow the petitioner to amend or withdraw. So really, it makes good sense, and Shellstrom provides an efficient, logical, workable procedure for recharacterization. As this Court mentioned earlier, and as Petitioner agrees, the Court has no obligation to recharacterize a petition at all, much less to do so within a particular period of time. And again, Petitioner's application of 122-2.1's 90-day rule to the process of recharacterization is entirely unfounded. And again, the speed with which a court recharacterizes a petition is best left to its inherent authority to control its docket. Again, the notion that partial admonition under Shellstrom can affect recharacterization runs counter not only to Shellstrom and Pearson, but it also undermines any effort to promote a consistent administration of the Shellstrom warnings, something that undermines Shellstrom's purpose of allowing petitioners to recharacterize, to withdraw or amend petitions that might not be optimized for post-conviction review. And it simply would complicate and unnecessarily confuse the law surrounding recharacterization if there is, you know, one set of criteria for recharacterization for one purpose and another set of criteria for recharacterization for another purpose. And this Court has already stated explicitly that for, in the context of its discussion of the restriction on successive petitions, that recharacterization simply does not occur until the Shellstrom admonitions are provided. Counselor, I understand your position that the trial judge had no duty to recharacterize this as a post-conviction petition. It could have simply denied the motion as untimely. Correct, Your Honor. If it does neither, if it sits there, what's the defendant's remedy? That motion is filed in April or whatever date, and a year later nothing has happened. What's the defendant's remedy? The defendant's remedy is very simple, and I spoke about it in the context of another answer earlier, Your Honor. But the remedy is very simple. Before the time for a petitioner to file a post-conviction petition expires, the petitioner can simply file a post-conviction labeled as such, which would automatically begin the 90-day rule. So it would not require recharacterization. So there's a very simple remedy that the petitioner has. Can he do anything with the motion that's already filed? Could he not call that for a hearing to see where that goes? Absolutely, Your Honor. The petitioner could move for a ruling on its motion. So the petitioner has several options, all of which are very straightforward. Now, as far as general fairness, Petitioner just stated that Petitioner did not have a fair chance to develop his claims. But that's actually the opposite of what happened here. The judge was extremely conscientious of protecting the petitioner's right to raise his claims fairly, and that indeed is why he called Petitioner back to admonish him in his native language, fully under Shellstrom, on November 2nd. So just as Petitioner has no legal basis for his claim, he has no equitable one either. The court at every turn here attempted to protect Petitioner's interest by first recharacterizing a hopeless motion withdrawal as a post-conviction petition, ensuring that Petitioner received all Shellstrom admonishments in his native tongue. And he only took one extra hearing within which to do this after he realized that the first admonition was insufficient. So Petitioner had every opportunity that Shellstrom provides and that the Post-Conviction Act provides to develop his claim. And briefly, Your Honors, it is appropriate for the court, and the court should consider the legislative intent behind the statutes it applies. And in this case, both Section 122-1F and Section 122-2.1 serve to promote judicial efficiency. And the relatively minor and idiosyncratic inefficiencies in this case do, in large part, to the petitioner's difficulty with English and the difficulty that the court has, which is on the record of procuring a Tumul interpreter, Tumul being his native tongue, pale in comparison to the systemic inefficiencies and confusion that would result in a system where there's, again, one set of criteria for recharacterization for one purpose, another set of criteria for another purpose, and one in which a court must make a decision as to whether to summarily dismiss a post-conviction petition without first providing the Shellstrom admonitions. Obviously, as we discussed earlier, a petitioner would be unhindered by Section 122-1F's restriction on successive petitions in such a case, and any energies, judicial, state, or otherwise, that were invested in processing that original petition would be lost, which is yet another reason why it makes good sense for the Shellstrom admonitions to be a prerequisite for recharacterization. And if there are no further questions, Your Honors, the people respectfully request that this Court affirm the decision below. Thank you very much. Counsel. Your Honors, nine and a half months went by, 13 hearings, two remands from the Department of Corrections, and nothing of legal significance happened in this case. That is not judicial efficiency. It's not streamlining. It's not a good management of the Court's docket. I disagree strongly with that proposition. The state has argued that a simple remedy would be that a pro se petitioner can simply file a proper post-conviction petition. I would say that if he had known that, the pro se petitioner who doesn't know anything about the law, he probably would have done so. And the fact that he filed a motion to withdraw his plea and reconsider sentence two years late shows you that he did not know what procedures would be proper and what document would be proper for him to file. One final thing about the language barrier, there was a point at which Judge Foreman said, by the way, you're speaking with me fluently, and I can't remember if it was on the 13th or the 27th. I don't remember what hearing it was at. But they were talking about the language barrier, and Judge Foreman did say, well, I think you're doing just fine talking to me as we are here. Your Honors, we're asking that the appellate court decision be reversed and that the cause be remanded for appointment of counsel and further proceedings. Thank you. Thank you, counsel. Case number 107441 will be taken under advisement as agenda number five.